IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE NEIL BELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-CV-992-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction.

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2] *See Chester v. Bowen*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant

to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[3]  Based on the court's review of the record in this

case and the briefs of the parties, the court concludes that the decision of the Commissioner

should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months...

To make this determination[4] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[3] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[4] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[5]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th  Cir. 2004).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).  The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[5]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

## III.  The Issues

**A.  Introduction.**  The plaintiff was 56 years old at the time of the hearing before the ALJ and has a 12th grade education.  The plaintiff's prior work experience includes work as a janitor.  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of hypertension, osteoarthritis, thoracic spine degenerative changes, and diminished hearing. (R. at 13).  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform his past relevant work.

**B.  The Plaintiff's Claims.**  As stated by the plaintiff, his claims are

1. The Commissioner's decision should be reversed because the ALJ failed to fully develop the record by ordering a physical consultative examination.

2. The Commissioner's decision should be reversed because the ALJ's Residual Functional Capacity finding failed to include the required "function-by-function" assessment.

## IV.  Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends; and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v.*

*Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).  Within this analytical framework, the court will address the plaintiff's claims.

### A.  Failure to Order A Consultative Examination.

The plaintiff argues that the ALJ erred because he failed to order a consultative examination.  The plaintiff correctly observes that such an examination is required if necessary for the ALJ to make an informed decision.  *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984).  Of course, an ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the administrative law judge to render a decision.  *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988).

Belvin argues that the ALJ should have ordered a consultative examination because as support for his determination that Belvin was capable of medium work the ALJ relied on the opinion of a Social Security Administration single decision-maker (SDM), *see* 20 C.F.R. § 404.906(b)(2), and the opinion of Dr. Mortimer, a state agency physician who did not examine the plaintiff.

First, Belvin is simply wrong about the ALJ's reliance on the SDM.  The ALJ said "no

5

significant weight is given to the single decision maker's determination." (R. at 17). However, the ALJ did give "great weight" to Dr. Mortimer's opinion, and the court now turns to whether that was error.

The ALJ reviewed Belvin's medical history including his visits to Dr. Kenneth Tucker at Dothan Medical Associates PC.  With regard to Belvin's back pain, during an October 2010 visit Dr. Tucker noted that his back pain was stable (R. at 210).  An X-ray taken during that examination showed "[n]o acute chest disease" and only "[m]inimal early proliferative changes in the thoracic spine." (R. at 212) No mention was made of his knee pain.  In addition to the medical evidence, all of which the ALJ carefully considered, the ALJ also considered the activities of Belvin which include driving a car, doing laundry and light cleaning, and visiting friends.

"'The opinions of nonexamining, reviewing physicians, . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence.'"  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988); (quoting *Sharfarz v. Bowen,* 825 F.2d 278, 280 (11th Cir. 1987)).  In  *Edwards v. Sullivan,* 937 F.2d 580, 584-85 (11th Cir. 1991), the court found that the ALJ did not err in relying on the opinion of a nonexamining physician where the physician's opinion was consistent with the opinions of examining physicians.  And that is the case here.  Dr. Mortimer's opinion is not inconsistent with Belvin's physicians.  And after review of the administrative record, the court concludes that the ALJ did not commit error by not ordering a consultative

examination.

> In making a claim for Social Security disability benefits, a claimant bears the initial burden of establishing the existence of a disability. 42 U.S.C. § 1382c(a)(3) (1982); 20 C.F.R. § 416.912 (1989); *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir.1987) . . . The claimant also bears the initial burden of proving that . . . [he] is unable to perform . . . [his] previous work. *Cannon v. Bowen,* 858 F.2d 1541, 1544 (11th Cir.1988); *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir.1986).

*Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990).

The medical evidence in the record before the court is relatively sparse; however, there is nothing in the record before the court which indicates that a consultative examination would have provided the ALJ with any information which he needed to make a decision. The ALJ summed up his residual functional capacity determination in this manner.

> In sum, the above residual functional capacity assessment is supported by the dearth of treatment overall, the inconsistency in the claimant's reported symptoms and observed clinical signs, the lack of diagnostic testing confirming the claimant's allegations, the inconsistency in the activities of daily living, the absence of specialized orthopedic or pain management treatment, the conservative nature of treatment sought and received, and the opinion of Dr. Mortimer.

(R. at 18).

That summation shows that the ALJ carefully considered all of the evidence before him and did not rely exclusively on the opinion of Dr. Mortimer. Belvin has not shown the ALJ erred when he did not order a consultative examination.

**B.  Residual Functional Capacity Assessment.**

Belvin argues that the ALJ failed to comply with SSR-96-8p when assessing his

residual functional capacity ("RFC") by failing to set forth a detailed, written "function-by-function assessment" of his ability to carry out all work-related functions.  (Doc. 13 p. 7). SSR 96-8p defines an RFC assessment as "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. *Cf.* 20 C.F.R. § 404.1545(a)(4) ("What we will consider in assessing residual functional capacity. When we assess your residual functional capacity, we will consider your ability to meet the physical, mental, sensory, and other requirements of work, as described in paragraphs (b), (c), and (d) of this section."); *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments. 20 CFR § 404.1545(a)").

SSR 96-8p is a social security ruling, which does not have the force of law and is not binding on the court.  *Jones v. Commissioner of Soc. Sec.*, 423 Fed. Appx. 936, 939 n.4 (11th Cir. 2011).  To the extent that SSR 96-8p sets forth requirements that are binding on the ALJ, *see* 20 C.F.R. § 402.35(b)(2); *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981),[6] the ALJ complies with the function-by-function assessment requirements of SSR 96–8p by assessing the plaintiff's functional limitations and restrictions based on all of the relevant evidence prior to determining whether the claimant can do his past relevant work as he

---

[6] *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

actually performed it, and prior to expressing the claimant's RFC in terms of the exertional levels of work: sedentary, light, medium, heavy, and very heavy.  SSR 96-8p, 1996 WL 374184 at *1, *3; *see* 20 CFR § 404.1545(b) ("When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis."); *Freeman v. Barnhart*, 220 Fed. Appx. 957, 960  (11th Cir. 2007) ("While the ALJ could have been more specific and explicit in his findings, he did consider all of the evidence and found that it did not support the level of disability . . . claimed. . . . [T]he ALJ complied with SSR 96–8p by considering [the claimaint's] functional limitations and restrictions and, only after he found none, proceeding to express her residual functional limitations in terms of exertional levels."); *Castel v. Comm'r of Soc. Sec.*  355 Fed. Appx. 260, 263 (11th Cir. 2009) (holding that, even if the ALJ does not "'specifically refer to each and every piece of evidence in his decision,'" an ALJ complies with SSR 96-8p "so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole" (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Thus, although an ALJ is required to "consider the limiting effects of all [a claimant's] impairment(s), even those that are not severe, in determining" a claimant's RFC, 20 CFR § 404.1545(e), neither the Eleventh Circuit nor SSR 96-8p requires the ALJ to provide a detailed written analysis of each impairment's effects on the claimant's ability to perform each and every work-related function such as sitting, standing, walking, lifting, carrying,

pushing, and pulling.  *See Carson v. Comm'r of Soc. Sec.*, 440 Fed. Appx. 863 (11th Cir. 2011) (holding that, although the ALJ "did not specifically refer to [the claimant's] ability to walk or stand," the ALJ's opinion was nevertheless sufficient to allow the court to determine that ALJ "did fully consider [the claimant's] limitations with regard to walking and standing"); *Baker v. Comm'r of Soc. Sec.*, 384 Fed.Appx. 893, 895-96 (11th Cir. 2010) (holding that, although the ALJ did not perform a function-by-function analysis on the effect of the claimant's cane on "specific basic sedentary work skills" such as "balancing, prolonged versus brief ambulation, standing, lifting and carrying with one hand, balancing on level terrain, and stooping," the ALJ's finding that the claimant was "able to walk effectively with" the cane was sufficient to support the RFC assessment).

In this case, based on all of the relevant evidence, the ALJ specifically addressed the functionally limiting effects of each of Belvin's alleged impairments prior to concluding that those impairments did not prevent Belvin from performing his past relevant work.  (R. 14-18).  Belvin himself  has not identified any impairment or functional limitation that the ALJ failed to consider in assessing RFC.  Therefore, the court concludes that the ALJ more than sufficiently complied with the "narrative discussion requirements" of SSR 96-8p[7] and with

---

[7]Specifically, SSR 96-8p sets forth the following "narrative discussion requirements" that the ALJ must meet:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an

(continued...)

the controlling law of this circuit, which requires that the ALJ must make clear the weight

accorded to each item of evidence and the reasons for the decision so that a reviewing court

will be able to determine whether the ultimate decision is based on substantial evidence.

*Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *see Freeman*, 220 Fed. Appx. at

960 (holding that, although an ALJ "could have been more specific and explicit in his

findings," the ALJ met the requirements of SSR 96-8p and the controlling law of this circuit

by considering all the evidence and assessing the claimant's functional limitations in a

manner sufficient to demonstrate that his RFC assessment was based on substantial

evidence).

Accordingly, did not err by failing to perform a "function-by-function" assessment

---

(...continued)

equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Symptoms. In all cases in which symptoms, such as pain, are alleged, the RFC assessment must:
* Contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;

* Include a resolution of any inconsistencies in the evidence as a whole; and

* Set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.

The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.

SSR 96-8p.

prior to determining that Belvin was capable of performing past relevant work.  The ALJ

followed the proper legal standards and his opinion is supported by substantial evidence.  *See*

*Lewis*, 125 F.3d at 1439 (holding that a reviewing court must affirm if the ALJ applied the

correct legal standards the ALJ's decision is supported by substantial evidence).

### V. Conclusion

For the reasons as stated, the court concludes that the decision of the Commissioner

denying benefits to Belvin should be affirmed.  *See Landry v. Heckler*, 782 F.2d 1551,

1551-52 (11th Cir. 1986) ("Because the factual findings made by the [ALJ] . . . are supported

by substantial evidence in the record and because these findings do not entitle [the claimant]

to disability benefits under the appropriate legal standard, we affirm.").

The Court will enter a separate final judgment.

Done this 28th day of March, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE